Mr. H. W. Edmiston Director, Division of Insurance 515 East High Street Jefferson City, Missouri 65101
Dear Mr. Edmiston:
This is in response to your opinion request on the following questions:
 1. Does Section 374.230(6), RSMo 1969 require insurance companies to pay a ten dollar filing fee for each item required to be filed by Sections 376.405, 376.675, 376.777, RSMo 1969 and Section 379.321, RSMo 1975 Supp.?
 2. To the extent that the answer to the first question is in the affirmative, is the ten dollar filing fee imposed with respect to each page of each document filed?
 3. To the extent that the answer to the first question is in the affirmative, is an insurance company entitled to a credit pursuant to Section 148.400, RSMo 1969 on the premium tax it pays for the filing fees which it pays pursuant to Section 374.230(6)?
Section 374.230(6), RSMo 1969, provides:
 "Every insurance company doing business in this state shall pay to the collector of revenue the following fees:
* * *
 "(6) For filing any other paper required to be filed in the office of the superintendent, [director of the Division of Insurance] ten dollars each;"
Sections 376.405, 376.675, 376.777 and 379.321 require insurance companies to file various policy forms and other documents with the Director of Insurance as a condition of engaging in certain types of business. Thus, insurance companies are required by Section 374.230(6) to pay the filing fee mandated by that section with respect to such filings.
The word "paper" can mean "document". We believe the word paper was used in that sense in Section 374.230(6). Therefore the fee is not imposed with respect to each physical page of the document that an insurance company files with the director.
With regard to your final question, Sections 148.320 through148.400, RSMo 1975 Supp. impose a premium tax on insurance companies doing business in this state. Section 148.400 allows deductions from the premium tax payable for "income taxes, franchise taxes, personal property taxes, valuation fees, registration fees and examination fees". It is obvious that the filing fee imposed by Section 374.230(6) is not an income tax, franchise tax or personal property tax. Nor, for reasons set forth below, are such fees valuation fees, registration fees or examination fees.
Section 148.400 is in the nature of a tax exemption. It is generally recognized tax exemption statutes will be strictly construed against the taxpayer. The terms "valuation fees, registration fees and examination fees" have precise meaning when reference is made to other statutory sections. Examination fees are assessed by the director pursuant to Section 374.200, RSMo 1969 for examinations made by the director pursuant to Section 374.190. Valuation fees are imposed by Sections 374.200 and 374.230(1). Registration fees are imposed on insurance companies by Section 351.125, RSMo 1975 Supp. Based on the foregoing it would appear that the terms "valuation fees", "examination fees" and "registration fees" as used in Section148.400, RSMo 1969, refer to specific statutory fees. Such statutory fees do not include the fees imposed by Section374.230(6) for filing documents. Therefore, the filing fees paid by insurance companies pursuant to Section 374.230(6) are not deductible pursuant to Section 148.400 from the premium tax payable by insurance companies.
CONCLUSION
It is the opinion of this office:
1. Insurance companies are required to pay a filing fee pursuant to Section 374.230(6), RSMo for documents filed with the Director of the Division of Insurance pursuant to Sections376.405, 376.675, 376.777, RSMo 1969 and Section 379.321, RSMo 1975 Supp.;
2. The filing fee imposed by Section 374.230(6) is for each document and not each page of each document; and
3. The filing fee paid pursuant to Section 374.230(6) is not, pursuant to Section 148.400, deductible from the premium tax payable by such companies.
The foregoing opinion which I hereby approve was prepared by my assistant, Charles A. Blackmar.
Very truly yours,
 JOHN C. DANFORTH Attorney General